# Exhibit "A"

SUPREME COURT OF THE STATE OF NEW YORK      Date Filed:
COUNTY OF QUEENS      Index No.:
==============================X

DARNELL PEREZ,      **SUMMONS**

                Plaintiff,      Plaintiff designates
                                                Queens County
    -against-      as place of trial

SODEXO, INC.,      The basis of the venue is
                                                Situs of Occurrence
                Defendant.
==============================X

To the above named Defendant:

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, to, if the complaint is not served with the summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:  New York, New York
          August 27, 2020

The nature of this action is for injuries sustained as a result of the Defendant's negligence.
The relief sought is monetary damages.

                                        **ELEFTERAKIS, ELEFTERAKIS & PANEK**

                                        BY: NICHOLAS ELEFTERAKIS, ESQ.
                                        Attorneys for Plaintiff
                                        80 Pine Street, 38th Floor
                                        New York, N.Y. 10005
                                        (212) 532-1116

**Failure to respond, a judgment will be against you, by default and interest from February 28, 2020.**

**Defendant:**
**SODEXO, INC.**
C/O THE PRENTICE-HALL CORPORATION SYSTEM INC.
**80 STATE STREET**

Case 1:20-cv-04176-MKB-CLP   Document 1-1   Filed 09/08/20   Page 3 of 10 PageID #: 7

ALBANY, NY 12207

**SODEXO, INC.**
600 MAMARONECK AVENUE, SUITE 400
HARRISON, NEW YORK, 10528

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
==============================X
DARNELL PEREZ,

                Plaintiff,

  -against-

SODEXO, INC.,

                Defendant.
==============================X

Date Filed:

Index No.:

**VERIFIED COMPLAINT**

    Plaintiff, by his attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, as and for his Verified Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, **DARNELL PEREZ**, at all times herein mentioned was a resident of the State of New York.

2. That at all the times hereinafter alleged, and upon information and belief, defendant, **SODEXO, INC.,** was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

3. That at all the times hereinafter alleged, and upon information and belief, defendant, **SODEXO, INC.,** was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

4. That at all of the times hereinafter mentioned, and upon information and belief, defendant, **SODEXO, INC.,** maintained a principal place of business in the State of New York.

5. That at all of the times hereinafter mentioned, and upon information and belief, defendant, **SODEXO, INC.,** conducted and carried on business in the State of New York.

6. That at all of the times hereinafter mentioned, and upon information and belief, defendant, **SODEXO, INC.,** transacted business within the State of New York.

7. That at all of the times hereinafter mentioned, and upon information and belief, defendant, **SODEXO, INC.**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

8. That at all of the times hereinafter mentioned, and upon information and belief, defendant, **SODEXO, INC.**, expected or should have reasonably expected its acts to have consequences in the State of New York.

9. That at all the times hereinafter alleged, and upon information and belief, the defendant, **SODEXO, INC.** owned the premises located at 4500 Parsons Boulevard, also known as 146-01 45th Ave, County of Queens, State of New York.

10. That at all the times hereinafter alleged, and upon information and belief, the defendant, **SODEXO, INC.** was a lessee of the premises located at 4500 Parsons Boulevard, also known as 146-01 45th Ave, County of Queens, State of New York.

11. That at all the times hereinafter alleged, and upon information and belief, the defendant, **SODEXO, INC.** was a lessor of the premises located at 4500 Parsons Boulevard, also known as 146-01 45th Ave, County of Queens, State of New York.

12. That at all the times hereinafter alleged, and upon information and belief, the defendant, **SODEXO, INC.**, managed the premises located at 4500 Parsons Boulevard, also known as 146-01 45th Ave, County of Queens, State of New York.

13. That at all the times hereinafter alleged, and upon information and belief, the defendant, **SODEXO, INC.**, maintained the premises located 4500 Parsons Boulevard, also known as 146-01 45th Ave, County of Queens, State of New York.

14. That at all the times hereinafter alleged, and upon information and belief, the defendant, **SODEXO, INC.**, controlled the premises located at 4500 Parsons Boulevard, also known as 146-01 45th Ave, County of Queens, State of New York.

15. That at all the times hereinafter alleged, and upon information and belief, the defendant, **SODEXO, INC.**, operated the premises located at 4500 Parsons Boulevard, also known as 146-01 45th Ave, County of Queens, State of New York.

16. That at all the times hereinafter alleged, and upon information and belief, the defendant, **SODEXO, INC.**, supervised the premises located at 4500 Parsons Boulevard, also known as 146-01 45th Ave, County of Queens, State of New York.

17. That at all the times hereinafter alleged, and upon information and belief, the defendant, **SODEXO, INC.**, inspected the premises located at 4500 Parsons Boulevard, also known as 146-01 45th Ave, County of Queens, State of New York.

18. Upon information and belief, that at all the times hereinafter alleged, and upon information and belief, the defendant, **SODEXO, INC.**, entered into an agreement and/or contract to provide maintenance of the premises located at 4500 Parsons Boulevard, also known as 146-01 45th Ave, County of Queens, State of New York.

19. Upon information and belief, that at all the times hereinafter alleged, and upon information and belief, the defendant, **SODEXO, INC.**, contracted to service the premises located at 4500 Parsons Boulevard, also known as 146-01 45th Ave, County of Queens, State of New York.

20. That on or about February 28, 2020, the plaintiff, **DARNELL PEREZ,** was on the aforesaid premises.

21. That on or about February 28, 2020, while the plaintiff, **DARNELL PEREZ**, was on the aforesaid premises, he was caused to slip and fall.

22. That the aforesaid accident and the injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in that the Defendant owned, operated, maintained, managed and controlled the aforesaid premises, without the plaintiff in any way contributing thereto.

23. That the Defendant herein was negligent, reckless and careless in that they violated their duties to persons on the aforesaid premises and to this plaintiff in particular, in knowingly permitting, suffering and allowing the aforesaid to be, become and remain in a defective, unsafe and dangerous condition, and were further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforesaid premises; in failing to properly inspect, remedy and/or remove said slippery substance from the premises; in permitting and allowing the premises to be, become and remain a danger, threat, peril and trap to the life and limb of all persons using the aforesaid premises and more particularly plaintiff herein; in failing to take adequate precautions and measures to prevent said occurrence; that Defendant had actual and/or constructive notice of said condition.

24. That by reason of the foregoing and the negligence of the Defendant, the plaintiff, **DARNELL PEREZ**, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

25. That by reason of the foregoing, the plaintiff, **DARNELL PEREZ**, was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable

therefore for medicines and upon information and belief, the plaintiff, **DARNELL PEREZ**, will necessarily incur similar expenses.

26. That by reason of the foregoing, the plaintiff, **DARNELL PEREZ**, has been unable to attend to his usual occupation in the manner required.

27. That one or more of the exceptions of §1602 of the Civil Practice Law and Rules do apply to the within action.

28. That as a result of the foregoing, the plaintiff, **DARNELL PEREZ**, sustained damages in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

**WHEREFORE**, Plaintiff demands the following judgment against the Defendant for an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action, together with costs and disbursements of this action, and with interest from the date of the accident. Plaintiff demands a jury trial.

Dated: New York, New York
      August 27, 2020

                          Yours, etc.

                          ELEFTERAKIS, ELEFTERAKIS & PANEK

                          By:_____
                          Nicholas Elefterakis, Esq.
                          Attorneys for Plaintiff
                          80 Pine Street, 38th Floor
                          New York, New York 10005
                          (212)532-1116

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK     )
                      )  SS:
COUNTY OF NEW YORK    )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, and an associate of the law firm of Elefterakis, Elefterakis, & Panek attorneys of record for the claimant herein, affirms:

That he has read the attached SUMMONS AND COMPLAINT and the same is true to his own knowledge, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of his knowledge.

That affirmant's sources of information are investigation and files maintained in your affirmant's law office.

That this verification is made by your affirmant due to the fact that claimant does not presently reside within the county in which your affirmant maintains his law office, or is presently outside the county in which your affirmant maintains his law office.

The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated:  New York, New York
        August 27, 2020

_____
Nicholas Elefterakis, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

DARNELL PEREZ,

       Plaintiff,

 -against-

SODEXO, INC.,

       Defendant.

---

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116

---

**Summons and Verified Complaint**

---

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:
Nicholas Elefterakis, the undersigned, an attorney admitted to practice in the Courts of New York State, affirms the following:
I further certify that my signature below acts as a "certification" for the documents attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR).

Dated: New York, New York
   August 27, 2020

                _____
                Nicholas Elefterakis, Esq.

---

PLEASE TAKE NOTICE

( ) that the within is a (certified) true copy of a Notice of entered in the Office of the clerk of the within Entry named Court on

( ) that an Order of which the within is a true copy will be presented for
Notice of settlement to the Hon. one of the Judges of the Settlement within named Court, on
   , at

---

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116