UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

DARNELL PEREZ,

                        Petitioner,                    **MEMORANDUM & ORDER**
                                                                          20-CV-4176 (MKB)

                v.

SODEXO, INC.,

                        Respondent.

------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Petitioner Darnell Perez commenced the above-captioned action on August 27, 2020, in the New York Supreme Court, Queens County ("State Court"), against Respondent Sodexo, Inc., to recover for personal injuries he allegedly sustained from a slip and fall at Flushing Hospital Medical Center ("Flushing Hospital") in February of 2020. (Notice of Removal 1–2, Docket Entry No. 1; Summons and Verified Compl. ("Compl.") 4–8, annexed to Notice of Removal as Ex. A, Docket Entry No. 1-1.) On September 8, 2020, Respondent removed the action to the Eastern District of New York on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. (Notice of Removal 1.) Petitioner now moves to remand the action to the State Court, arguing that the parties are not completely diverse and that Respondent failed to establish that the amount in controversy exceeds $75,000. (Pet'r Mot. to Remand, Docket Entry No. 11; Pet'r Mem. in Supp. of Pet'r Mot. ("Pet'r Mem."), Docket Entry No. 12.) Respondent opposes the motion. (Resp't Mem. in Opp'n to Pet'r Mot. ("Resp't Opp'n"), Docket Entry No. 14.)

      For the reasons set forth below, the Court grants Petitioner's motion and remands the action to the State Court.

## I. Background

Petitioner commenced this action on August 27, 2020, in the State Court against Respondent. (Notice of Removal 1.) Petitioner is a citizen of the State of New York. (*Id.* at 2.) Respondent is a foreign business corporation with its principal place of business in Maryland. (*Id.*) Respondent alleges upon information and belief that "Petitioner's alleged amount in controversy will be claimed to exceed the $75,000[] threshold" because, although the "Complaint did not specify the amount of damages . . . , Petitioner alleges that he was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer physical pain and bodily injuries, and became sick, sore, lame and disabled for a considerable amount of time" as a result of the alleged slip and fall.[1] (*Id.* at 2–3; Compl. ¶ 24.) Based on these jurisdictional allegations, on September 8, 2020, Respondent removed the action to this Court pursuant to the Court's diversity jurisdiction and filed an Answer to the Complaint on September 10, 2020. (Notice of Removal; Answer, Docket Entry No. 8.) On September 25, 2020, after Respondent had removed the action, Petitioner served and filed in the State Court a Supplemental Summons and Amended Complaint, adding defendants Sodexo Management, Inc.; Sodexo, America, LLC; and Sodexo Operations, LLC. (Suppl. Summons and Am. Compl., annexed to Decl. of Keyonte Sutherland in Supp. of Pet'r Mot. as Ex. B, Docket Entry No. 13-2.) On October 8, 2020,

---

[1] Pursuant to N.Y. C.P.L.R. § 3017(c), the Complaint did not state the amount of monetary damages sought. (*See* Compl. ¶¶ 24–28); N.Y. C.P.L.R. § 3017(c) ("In an action to recover damages for personal injuries . . . , the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled."). However, the Complaint did include the requisite jurisdictional clause. *See* N.Y. C.P.L.R. § 3017(c) ("If the action is brought in the supreme court, the pleading shall also state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction."); (Compl. ¶ 28 (stating that Petitioner "sustained damages in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction")).

Petitioner moved to remand the action to the State Court, arguing that new defendant Sodexo Management, Inc., is a resident of New York and thus the parties are no longer completely diverse and that Respondent failed to establish that the amount in controversy exceeds $75,000. (Pet'r Mot. to Remand; Pet'r Mem. ¶¶ 11–12, 18.)

## II. Discussion

### a. Standard of review

A notice of removal must allege a proper basis for removal under 28 U.S.C. §§ 1441–1445. *See Agyin v. Razmzan*, 986 F.3d 168, 181 (2d Cir. 2021) ("[In] determining whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the Notices of Removal." (quoting *California v. Atl. Richfield Co. (In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.)*, 488 F.3d 112, 124 (2d Cir. 2007))); *New York v. Dickerson*, No. 20-CR-208, 2020 WL 3263771, at *1 (E.D.N.Y. June 16, 2020) ("An effective petition for the removal of a state action to federal court must allege a proper basis for the removal under sections 1441 through 1445 of Title 28." (quoting *Negron v. New York*, No. 02-CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002))). A defendant may remove a civil action brought in state court to a federal court in "any civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a). "[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991),

*superseded by rule on other grounds as recognized by Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008)); *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). The party seeking removal bears the burden of proving that the jurisdictional and procedural requirements have been met. *Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 647 (2d Cir. 2015) ("Where, as here, the defendant asserts federal jurisdiction in a removal petition, the defendant has the burden of establishing that removal is proper."). Where subject matter jurisdiction is contested in the context of removal, a court may consider materials outside the pleadings, including "documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010); *JS Barkats PLLC v. Blue Sphere Corp.*, No. 16-CV-8404, 2017 WL 2930935, at *3 (S.D.N.Y. July 10, 2017) (same); *B.N. ex rel. Novick v. Bnei Levi, Inc.*, No. 12-CV-5057, 2013 WL 168698, at *3 (E.D.N.Y. Jan. 15, 2013) (collecting cases).

### b. The Court lacks subject matter jurisdiction because Respondent has failed to establish that the amount in controversy exceeds $75,000

Petitioner argues that the Court should grant its motion to remand the action because (1) the Supplemental Summons and Amended Complaint Petitioner filed in State Court added defendant Sodexo Management, Inc., and Sodexo Management, Inc., is incorporated in New York and thus is a resident of New York, which destroys complete diversity,[2] (Pet'r Mem. ¶¶ 11–13), and (2) Respondent "failed to allege that the amount in controversy was over $75,000" and instead "only assumes" it is met, (*id.* ¶¶ 17–21). In support. Petitioner argues that

---

[2] Citing *John Birch Society v. National Broadcasting Corp.*, 377 F.2d 194, 197 (2d Cir. 1967), Petitioner also argues that "[w]here jurisdiction of an action is based upon diversity of citizenship[,] the citizenship of the parties must be positively averred." (Pet'r Mem. ¶ 7.) Respondent does not respond to this argument, and, because the Court decides the motion on other grounds, the Court does not consider it.

4

"[w]here . . . 'after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action.'"[3] (*Id.* ¶ 14 (quoting 28 U.S.C. § 1447(e)).)

Respondent argues that complete diversity still exists because the nondiverse defendant, Sodexo Management, Inc., had no connection to Flushing Hospital on the day of the alleged slip and fall; rather, Sodexo Operations, LLC, was the only Sodexo entity performing services there at that time, making it the only "appropriate entity with respect to [Petitioner's] alleged injury." (Resp't Opp'n ¶¶ 11–17.) Respondent also contends that complete diversity exists because Sodexo Operations, LLC, is a foreign limited liability company and the original defendant, Sodexo, Inc., is its sole member, Petitioner is a resident of New York, and Sodexo, Inc., is incorporated in Delaware[4] and maintains its principal place of business in Maryland.[5] (*Id.* ¶¶ 13, 17.) In addition, Respondent maintains that the amount in controversy exceeds $75,000 and notes that it served Petitioner, contemporaneously with the Answer it filed in this Court, with a

---

[3] In support of his contention that 28 U.S.C. § 1447(e) should guide the Court's analysis, Petitioner cites *Abraham Natural Foods Corp. v. Mount Vernon Fire Insurance Co.*, 576 F. Supp. 2d 422–23 (E.D.N.Y. 2008) and *Nocella v. Allstate Insurance Co.*, No. 18-CV-1995, 2019 WL 2438745, at *6 (E.D.N.Y. Feb. 6, 2019), *report and recommendation adopted*, 2019 WL 1376868 (E.D.N.Y. Mar. 27, 2019). However, unlike these cases, and as further discussed below, Petitioner filed the Amended Complaint in the State Court, not in this Court.

[4] In its Notice of Removal, Respondent alleges that it is a foreign business corporation. (Notice of Removal 2.)

[5] Respondent does not cite any law in support of its arguments that complete diversity still exists despite Petitioner's purported joinder of new defendant Sodexo Management, Inc. The Court understands Respondent to be arguing that Petitioner fraudulently joined Sodexo Management, Inc., and thus jurisdiction is proper because the only defendants with a connection to the controversy are diverse. *See Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (explaining that the doctrine of fraudulent joinder prohibits a plaintiff from defeating diversity jurisdiction by improperly joining a nondiverse defendant "with no real connection to the controversy").

request for the specific dollar amount of his damages pursuant to N.Y. C.P.L.R. § 3017, but Petitioner has yet to respond.[6]  (*Id.* ¶¶ 18–20.)  Thus, Respondent argues, while Petitioner "does not concede that the amount in controversy is under $75,000" and "asserts that [Respondent] has failed to meet its burden, [the] information necessary to satisfy this requirement remains in [Petitioner's] exclusive control."  (*Id.* ¶ 21.)

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented.  *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).  "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)."  *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ---, ---, 139 S. Ct. 1743, 1746 (May 28, 2019) (alteration in original).  Under the diversity jurisdiction statute, all plaintiffs and all defendants must be of diverse citizenship.  28 U.S.C. § 1332(a); *see also Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . ." (citing 28 U.S.C. § 1332(a))); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.*[,] all plaintiffs must be citizens of states diverse from those of all

---

[6] N.Y. C.P.L.R. § 3017 states in relevant part:
> "[A] party against whom an action to recover damages for personal injuries or wrongful death is brought[] may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.  A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.  In the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served.

N.Y. C.P.L.R. § 3017(c).

defendants." (footnote omitted)). In addition, "[f]ederal diversity jurisdiction requires an amount in controversy of at least $75,000 . . . [and] this amount is measured as of the time that a complaint is filed," *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 154–55 (D. Conn. 2016) (citing *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005)), "and it is established by the face of the complaint and the dollar amount actually claimed," *id.* at 155 (first citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); and then citing *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)); *see also Hall*, 396 F.3d at 506 (noting that "[g]enerally, for purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint and is not reevaluated based on post-filing events"). "[T]he party asserting subject matter jurisdiction[] has the burden of proving that it exists by a preponderance of the evidence." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 443 (2d Cir. 2019) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Sec. Plans Inc. v. CUNA Mut. Ins. Soc'y*, 769 F.3d 807, 814 n.5 (2d Cir. 2014) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." (quoting *Scherer*, 347 F.3d at 397)); *see also Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 119 (2d Cir. 2019) (same). The amount in controversy must be non-speculative in order to satisfy the statute, and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient. *See Valente v. Garrison from Harrison LLC*, No. 15-CV-6522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) ("[B]oilerplate pleadings do not suffice to establish that [an] action involves an amount in controversy adequate to support federal diversity jurisdiction.").

Where removal is sought on the basis of the court's diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy,

7

except that . . . the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . does not permit demand for a specific sum." 28 U.S.C. § 1446(c)(2)(A). The notice of removal must be filed "within [thirty] days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). In addition, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." *Id.* § 1446(c)(3)(A). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273–74; *see also* 28 U.S.C. § 1446(c)(2)(B).

### i. Addition of nondiverse defendant

The Court rejects Petitioner's argument that the addition of Sodexo Management, Inc., destroyed complete diversity because the amended complaint naming Sodexo Management, Inc., as a defendant was filed in the State Court after Respondent removed the action to this Court, and it therefore has no effect on the removability of the action. *See, e.g.*, *Kane v. St. Raymond's Roman Cath. Church*, No. 14-CV-7028, 2015 WL 4270757, at *3 (S.D.N.Y. July 13, 2015) ("Under 28 U.S.C. § 1446(d), all state-court proceedings must cease once a notice of removal has been filed, unless and until the action is remanded to the state court. . . . Accordingly, any [post-removal] action [the plaintiff] may have taken to amend the complaint in state court is a

8

nullity, without effect on the case or its removability."); *Demarco v. JP Morgan Chase*, No. 10-CV-4110, 2011 WL 1837787, at *1 n.2 (E.D.N.Y. May 13, 2011) ("Since this second amended complaint was filed after the case was removed to federal court, . . . [it] had no effect, and the court will not consider it."); *Gan v. Hillside Ave. Assocs.*, No. 01-CV-8457, 2001 WL 1505988, at *2 (S.D.N.Y. Nov. 26, 2001) (finding that the amended complaint filed in state court after removal was "without any legal effect" under 28 U.S.C. § 1446(d) and declining to consider it because "over two months ha[d] elapsed since the initial service of the amended complaint, yet [it] ha[d] not been filed"); *Otway v. New York*, 818 F. Supp. 659, 660 (S.D.N.Y. 1993) ("Discovering that the matter had been removed to this court, . . . petitioners sought to withdraw and abandon all [federal] claims . . . by the filing in the state court of an '[a]mended [c]omplaint.' [However,] jurisdiction over this matter rested solely in the federal courts upon the filing of the petition of removal, and can only be restored to the state court by an order of remand. Accordingly, the 'amended complaint' was not filed in federal court." (citations omitted)).

### ii. Amount in controversy

The Court lacks subject matter jurisdiction and therefore remands the action to the State Court because Respondent fails to establish the amount in controversy. As Respondent concedes, the Complaint did not specify a definite amount of damages, and Respondent removed the action prior to requesting that amount pursuant to N.Y. C.P.L.R. § 3017(c) and receiving a paper from Petitioner explicitly specifying the amount in controversy. (Notice of Removal 2; Resp't Opp'n ¶¶ 18–19.) In addition, there is no "other paper" setting forth the amount in controversy in the publicly available record of the State Court proceeding. *Justino v. Wal-Mart Stores, Inc.*, No. 21-CV-2130, 2021 WL 961764, at *2 (S.D.N.Y. Mar. 15, 2021) (noting that "no

'other paper' has been proffered" and "the publicly-available electronic docket in the state court proceeding . . . is similarly devoid of any written indication of the amount in controversy"). Thus, Respondent's removal of this case was premature, and its assertion that the amount "will be claimed to exceed the $75,000[] threshold" based on Petitioner's general allegations that he was injured is insufficient to establish a reasonable probability that the amount in controversy exceeds $75,000. (Notice of Removal 2–3); *see Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam) ("We . . . hold[] that the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."); *see also Cutrone v. Mortg. Elec. Registration Sys.*, 749 F.3d 137, 143 (2d Cir. 2014) (stating that it is a "bright line rule" that a case does not become removable until the defendant has been served with a document "explicitly stating the amount in controversy"); *Johnson v. Home Depot U.S.A., Inc.*, No. 19-CV-3476, 2019 WL 5287969, at *2 (E.D.N.Y. Oct. 18, 2019) ("It is well-settled that the Second Circuit has a 'bright line rule' that the [thirty]-day 'removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought.'" (quoting *Moltner*, 624 F.3d at 38)); *Brumfield v. Merck & Co.*, No. 17-CV-6526, 2018 WL 1955216, at *4 (E.D.N.Y. Apr. 25, 2018) ("[F]ollowing *Moltner*, courts in this district have correctly remanded cases with similar pleadings (which lacked a definite amount and simply contained the N.Y. C.P.L.R. § 3017(c) jurisdictional clause) for failure to establish diversity jurisdiction. . . . [T]hese courts not only noted that removal was premature, but also specifically advised that the defendants should have availed themselves of the N.Y. C.P.L.R. § 3017(c) procedures to ascertain the jurisdictional amount in controversy prior to removal." (citations omitted)); *see also, e.g.*, *Justino*, 2021 WL 961764, at *2 (finding removal improper where there was "no indication . . . of any written

response by [the plaintiff] to any discovery demands, and no 'other paper' ha[d] been proffered" and thus "the only allegations about the amount in controversy [were the plaintiff's] generalized allegations of damages and [the defendant's] insistence that such damages must exceed $75,000"); *Cavaleri v. Amgen, Inc.*, 21-CV-1762, 2021 WL 878555, at *2 (E.D.N.Y. Mar. 8, 2021) (finding same and collecting cases); *Yonkosky v. Hicks*, 409 F. Supp. 2d 149, 156 (W.D.N.Y. 2005) (collecting pre-*Moltner* cases).

### III. Conclusion

For the reasons stated above, the Court grants Petitioner's motion and remands the action to the State Court. The Clerk of Court is respectfully directed to close this case.

Dated: June 7, 2021
     Brooklyn, New York

                                  SO ORDERED:

                                       s/ MKB

                                MARGO K. BRODIE
                                United States District Judge